UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| SUSAN UPCHURCH, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3: 20-055-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| ANDREW M. SAUL, Commissioner of | ) | **MEMORANDUM ORDER** |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Counsel for Plaintiff Susan Upchurch has filed a motion for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  [Record No. 24]  The motion will be granted because Upchurch is the prevailing party in this action and has satisfied all requirements for obtaining payment of fees and expenses under the EAJA.

Upchurch filed this action on July 13, 2020, alleging that the Commissioner of Social Security's denial of benefits was contrary to applicable law.  Specifically, she suggested that the Administrative Law Judge's decision was not supported by substantial evidence.  [*See* Record No. 17] On January 15, 2021, the Commissioner moved to remand this matter for further proceedings pursuant to 42 U.S.C. § 405(g).  [Record No. 19]  The Court granted the Commissioner's motion and entered Judgment on March 10, 2021, reversing the Commissioner's administrative decision and remanding this action for further consideration.

Upchurch now seeks to recover the fees her attorney, Karl E. Osterhout, accrued in pursuit of her claims.  Her attorney seeks $3,800.00 for 30.4 hours of work at a rate of $125.00 per hour.  Upchurch also indicates that the Commissioner does not oppose the petition.

- 1 -

The EAJA requires payment of fees and expenses to the prevailing party in an action against the United States unless the government's position was substantially justified.  28 U.S.C. § 2412(d)(1)(A).  The amount of fees awarded "shall be based upon prevailing market rates for the kind and quality of the services furnished . . . [but] shall not [exceed] $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee."  § 2412(d)(2)(A).  An application for fees must include: "(1) a showing that the applicant is a prevailing party; (2) a showing that the applicant is eligible to receive an award . . . and (3) a statement of the amount sought together with an itemized account of time expended and rates charged."  *Scarborough v. Principi*, 541 U.S. 401, 408 (2004) (citing § 2412(d)(1)(B)).   The party also must allege that the United States' position was not substantially justified.  *Id.*

Upchurch's application satisfies these requirements.  First, she is a prevailing party following this Court's remand under sentence four of 42 U.S.C. § 405(g).  *See Turner v. Comm'r of Soc. Sec.*, 680 F.3d 721, 723 (6th Cir. 2012) ("A sentence four remand makes the plaintiff a 'prevailing party' under the EAJA.").  Second, Upchurch is eligible to receive an award under the EAJA because her "net worth did not exceed $2,000,000 at the time the civil action was filed."  *See* § 2412(d)(2)(B); [Record No. 24, ¶ 6] Additionally, her attorney has provided an itemized account of the time expended on this case and seeks payment at a rate of $125.00 per hour for those hours.  [Record No. 24-1] Finally, the application alleges that the position of the United States was not substantially justified.

The claimed number of hours is consistent with what would be expected in this case and the Court finds that they are reasonable and compensable under the EAJA.  Additionally, the requested rate of payment is consistent with the prevailing market rates in the Eastern

District of Kentucky.  Accordingly, the plaintiff will be awarded attorney's fees in the amount of $3,800.00, based on 30.4 hours of attorney work at a rate of $125.00 per hour.  Counsel has requested that the fees be paid directly to Upchurch in accordance with the Treasury Offset Program, 31 U.S.C. § 3716.  *See Astrue v. Ratfliff*, 560 U.S. 586, 589 (2010) ("[A] § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy pre-existing debt that the litigant owes to the United States.").

Based on the foregoing, it is hereby

**ORDERED** that the plaintiff's motion for attorney's fees [Record No. 24] is **GRANTED**.  Plaintiff Susan Upchurch is awarded fees in the amount of $3,800.00, in accordance with the Equal Access to Justice Act.

Dated:  March 29, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky